Albino **ROJAS–SOLORZANO,**
Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General,** Respondent.

No. 06–71432.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 4, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Sarmiento, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Thomas Fatouros, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Albino Rojas–Solorzano, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provid-

■ Even accepting Rojas–Solorzano's testimony as true, *see Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir.2004), substantial evidence supports the BIA's finding that the threats and other harms Rojas–Solorzano suffered in Guatemala did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003). Substantial evidence also supports the BIA's finding that Rojas–Solorzano failed to establish a well-founded fear of future persecution on account of membership in a particular social group (*i.e.*, his family) because there is no evidence that his wife, father, or children have been harmed in Guatemala. *See Santos–Lemus*, 542 F.3d at 742–44. Therefore, Rojas–Solorzano's asylum claim fails.

■ Because Rojas–Solorzano failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour*, 390 F.3d at 673.

■ Rojas–Solorzano does not raise any substantive arguments in his opening brief regarding the BIA's denial of CAT relief so we deemed his argument waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

■ We deny Rojas–Solorzano's due process contention as moot, because Rojas–Solorzano's motion to reinstate his petition for review was granted.

**PETITION FOR REVIEW DENIED.**